**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION**

ISABELLA D. REPASS,

      Plaintiff,

v.

ALLOY FASTENERS, INC.; ALLESCO
INDUSTRIES, INC.; AND ANDREW
BREWER,

      Defendants.

Docket No.:

Judge

Jury Demanded

---

## NOTICE OF REMOVAL

---

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Alloy Fasteners, Inc., Allesco Industries, Inc., and Andrew Brewer ("Defendants") hereby remove this action from the Circuit Court for the Fifth Judicial District of Tennessee in Blount County to the United States District Court for the Eastern District of Tennessee, Northern Division, at Knoxville.  In support of this Notice of Removal, Defendants state as follows:

1.      On or about April 4, 2025, Plaintiff Isabella D. Repass filed a Complaint for Damages in the Chancery Court of Tennessee at Blount County.  The Complaint and the state-court filings are attached hereto as collective **Exhibit 1**.  The action was transferred from the Chancery Court to the Circuit Court of Blount County.

2.      Plaintiff served Defendant Alloy Fasteners on April 24, 2025, and Andrew Brewer on May 8, 2025.  Allesco Industries agreed to accept service by email on counsel, effective May 27, 2025.  Nonetheless, all three Defendants consent to and join in this removal.

1

3. The Complaint alleges that Plaintiff was an employee of Alloy Fasteners and Allesco Industries (together, "Employer Defendants") between February 2024 and March 4, 2025 when her employment was terminated. (Compl. ¶¶ 6, 14.) During this time,

> Plaintiff was sexually harassed by multiple employees of the Employer Defendants. During Plaintiff's employment, Plaintiff was sexually harassed and provided with a sexually hostile work environment during her employment. The Employer Defendants, through their conduct, created a sexually hostile work environment which included sexual harassment and retaliation against the Plaintiff. . . .

(Compl. ¶ 9.)

4. Furthermore, Plaintiff alleges that the "Employer Defendants, through their employees and through the management and representatives," directed certain sexual conduct at Plaintiff. (Compl. ¶ 10.)

5. Plaintiff then provides subparagraphs describing the "sexually hostile work environment." Including identifying four separate employees, Andrew Brewer, Tommy, Sam, and OG. (Compl. ¶ 10.)

6. The allegations against Brewer include that he made "sexual comments" to her (Compl. ¶ 10(a)), looked at breasts and buttocks (Compl ¶ 10(b)), and:

> Employer Defendants' employee Andrew Brewer touched the Plaintiff on her hair with his nose on multiple occasions. Further, while doing this, his body came into contact with the Plaintiff's body in an offensive manner where his body touched her body in a sexual manner while he touched her hair with his nose.

(Compl. ¶ 10(c).)

7. He also allegedly said "you better be careful" after Plaintiff allegedly "reported him for sexual harassment." (Compl. ¶ 10(g).)

8. Plaintiff then further alleges that she reported the foregoing conduct and that management witnessed that or other inappropriate conduct, but did nothing. (Compl. ¶ 11.) Then,

2

management retaliated against Plaintiff and allowed other employees to similarly retaliate. (Compl. ¶ 12.)

9. Then, on March 4, 2025, Plaintiff allegedly threatened to quit if the harassment was not resolved, but instead, she was terminated. (Compl. ¶ 14.)

10. Plaintiff alleges a claim for sexual harassment and other discriminatory practices under the Tennessee Human Rights Act (Tenn. Code Ann. § 4-21-102(4) and Tenn. Code Ann. § 4-21-401). (Compl. ¶¶ 16-25.) She also alleges a claim for intentional infliction of emotional distress (Compl. ¶¶ 26-30), negligent infliction of emotional distress against the Employer Defendants only. (Compl. ¶¶ 31-33.) And she alleges a claim for negligence (Compl. ¶¶ 34-38), gross negligence (Compl ¶¶ 39-43), and Negligent Supervision, Training, and Retention (Compl. ¶¶ 44-48) against the Employer Defendants only.

11. She also alleges a claim for intentional infliction of emotional distress under Tennessee common law against all defendants, including Brewer. (Compl. ¶¶ 26-30.) Plaintiff does not allege any specific or independent damages arising from Brewer's conduct apart from that caused by the Employer Defendants' allegedly discriminatory practices. (Compl. ¶ 29.) And she asserts a claim for battery against Brewer solely on the basis that he "inappropriately touch[ed] Plaintiff on her body, without her consent" while he was smelling her hair. (Compl. ¶ 51.)

12. As monetary damages, Plaintiff asserts she is entitled to compensatory damages in the amount of $1,500,000, and punitive damages in the amount of $3,000,000.

13. Finally, Plaintiff prays for a permanent restraining order against Brewer "for the rest of his life." (Compl. pp. 21-22.)

14. In short, Plaintiff has brought a sex discrimination and wrongful termination case against the Employer Defendants, who are Rhode Island corporations, and she has asserted a claim against Brewer only for the purposes of avoiding federal court.

**Grounds For Removal**

15. This matter is removable pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

16. District courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs," and involves "citizens of different states." 28 U.S.C. § 1332(a). This action is removable because (1) this action is properly between a citizen of Tennessee and citizens of Rhode Island and (2) the amount in controversy exceeds $75,000.

17. The amount in controversy exceeds the minimum jurisdictional requirement of $75,000 under 28 U.S.C. § 1332(a). Plaintiff has asserted causes of action for discrimination, retaliation, and wrongful termination under the Tennessee Human Rights Act, which provides for a potential award including actual damages, costs of the lawsuit including reasonable attorney's fees, as well as back wages. Tenn. Code Ann. § 4-21-311. Furthermore, "punitive damages must be considered" when determining whether the amount in controversy requirement is met. *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 572 (6th Cir. 2001). Plaintiff prayed for $1,500,000 in compensatory damages and $3,000,000 in punitive damages, as well as litigation costs and expenses permitted under the Act. (Compl. p. 21.) *See Smith v. Ceva Logistics, Inc.*, 3:19-cv-913, 2020 WL 305682, at *2 (M.D. Tenn. Jan 17, 2020) (holding that the amount in controversy requirement can be satisfied by "the type of damages sought as well as the Plaintiff's Ad Damnum for $750,000." *Id.*).

18. Plaintiff is a citizen of the State of Tennessee. (Compl. ¶ 1.)

4

19. Defendants Alloy Fasteners, Inc., and Allesco Industries, Inc., are both citizens of the State of Rhode Island, because that is the state of their incorporation and the state of their principle place of business. 28 U.S.C. § 1332(c)(1); (Compl. ¶¶ 2-3). Both Defendants operate locations in Tennessee, however.

20. The only Tennessee defendant, Brewer, has been fraudulently joined as a party for the strategic purpose of defeating diversity jurisdiction. For the reasons stated herein, this Court should disregard his non-diversity.

21. The Sixth Circuit Court of Appeals has long held that "fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). To prove fraudulent joinder,

> [T]he removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. However, if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court. The district court must resolve all disputed questions of fact and ambiguities in the controlling ... state law in favor of the non removing party. All doubts as to the propriety of removal are resolved in favor of remand.

*Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (internal citations omitted). Tennessee's pleading standards, not federal, apply. *Adair v. Bluegreen Vacations Unlimited, Inc.*, 3:19-cv-54, 2019 WL 13216610, *4 (E.D. Tenn. October 25, 2019).

22. Plaintiff asserted a claim for battery and intentional infliction of emotional distress, but she cannot recover against Brewer under Tennessee law on these claims.

23. In Tennessee, civil battery is defined as "any intentional, unlawful and harmful (or offensive) contact by one person with the person of another." *Dillingham v. Millsaps*, 809 F.Supp.2d 820, 854 (E.D. Tenn. 2011) (quoting *Rainey v. Shoney's, Inc.*, 909 F.Supp. 1070, 1083 (E.D. Tenn. 1995)). Importantly, "not every physical contact that is unconsented to is so offensive

that it amounts to a battery." *Id.* (citing *Runions v. Tenn. State Univ.*, No. M2008-01574-COA-R3-CV, 2009 WL 1939816, at \*4 (Tenn. Ct. App. Jul. 6, 2009)). The threshold for contact that to be considered sufficiently "offensive" to state a claim for battery must be such that it "infringes on a reasonable sense of the personal dignity ordinarily respected in a civil society." *Id.* (quoting *Doe v. Mama Taori's Premium Pizza*, No. M1998-0092-COA-R9-CV, 2001 WL 327906, at \*4 (Tenn. Ct. App. Jan 21, 2001)).

24.     The tort of battery does not exist to make causes of action out of passing touches or ordinary interactions. Plaintiff's allegation that Brewer "touched the Plaintiff on her hair with his nose" and their bodies "came into contact" simply does not infringe on a reasonable person's sense of dignity. Plaintiff's factual allegation of the "battery" describes a hug, and her characterizations of it as "sexual" are conclusory. For example, a "normal hug" does not constitute battery. *See Maslin v. State*, 124 Md.App. 535, 542 (Md. Ct. App. 1999).

25.     Similarly, Plaintiff's intentional infliction of emotional distress claim fails, Plaintiff's claims cannot possibly be construed to be "so outrageous that it cannot be tolerated in a civilized society." *Brown v. Regions Bank*, 2:19-cv-2356-JPM-tmp, 2019 WL 13297196, at \*3 (W.D. Tenn. Nov. 14, 2019) (holding that similar actions "may be unacceptable in the workplace, they do not constitute 'outrageous' conduct[.]"). Brewer intends to file a Motion to Dismiss asserting these arguments.

26.     Plaintiff's claims against Brewer on account of him having allegedly touched her hair with his nose do not rise to the level of actionable conduct.

6

## The Procedural Requirements for Removal Have Been Satisfied

27.     Pursuant to 28 U.S.C. § 1441(a), Employer Defendants may remove this action as it is a civil action of which the district courts have original jurisdiction.  As shown above, notwithstanding Brewer who has been fraudulently joined, there is complete diversity of citizenship, as the Plaintiff is a citizen of the State of Tennessee and the Employer Defendants are citizens of Rhode Island.  Additionally, the amount in controversy exceeds $75,000.

28.     Plaintiff's action was initially brought in the Chancery Court of Tennessee for the Fifth Judicial District in Blount County.  The United States District court for the Eastern District of Tennessee, Northern Division, has jurisdiction of this action and is the proper venue for this action upon removal.  *See* 28 U.S.C. § 1446(a).

29.     A defendant is required to file a notice of removal of a civil action within thirty (30) days after the receipt by the defendant of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based "by service or otherwise". *See* 28 U.S.C. § 1446(b)(1).  The first service in this case was made April 24, 2025.  Thus, the filing of this Notice of Removal is timely.

30.     All Defendants have consented to remove this action to the United States District Court for the Eastern District of Tennessee, Northern Division.  *See* 28 U.S.C. § 1446(b).

31.     Contemporaneously with the filing of this Notice of Removal, the Defendants will promptly serve written notice of this Notice of Removal on counsel for Plaintiff and file the same with the Clerk of the Chancery and Circuit Court of Tennessee for the Fifth Judicial District in accordance with 28 U.S.C. § 1446(d).

7

32.     True and correct copies of all process, pleadings, and orders served on the Defendants in the action pending in Circuit Court of Tennessee for the Fifth Judicial District are attached hereto as Exhibit 1.

<strong><u>Non-Waiver of Defenses</u></strong>

33.     By removing this action from Circuit Court of Tennessee for the Fifth Judicial District, the Defendants do not waive any defenses available to them.

34.     By removing this action from the Circuit Court of Tennessee for the Fifth Judicial District, the Defendants to not admit any of the allegations in Plaintiff's Complaint.

WHEREFORE, Defendants Alloy Fasteners, Inc., Allesco Industries, Inc., and Andrew Brewer remove the above-captioned action from the Circuit Court of Tennessee for the Fifth Judicial District at Blount County to the United States District Court for the Eastern District of Tennessee, Northern Division at Knoxville.

Respectfully submitted,

**ADAMS AND REESE LLP**

*s/ Brent E. Siler*_____
Brent E. Siler (TN Bar No. 22289)
John D. Woods III (TN Bar No. 35791)
6075 Poplar Ave., Ste. 700
Memphis, Tennessee 38119
Tel.: (901) 524-5278
Fax: (901) 524-5378
Brent.Siler@arlaw.com
John.Woods@arlaw.com

8

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing document was filed via the Court's ECF system and notice was given to all counsel of record pursuant to the Federal Rules of Civil Procedure by Electronic Filing, on this the 27th day of May, 2025.

*/s/ Brent E. Siler*
Brent E. Siler

9